UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**
                              Plaintiff;

Vs.                                                    **CASE NO: 06-171-HHK**

**CARL MICHAEL TAYLOR**
                              Defendant;

**MOTION TO WITHDRAW GUILTY PLEA**

**PLEASE TAKE NOTICE** that the above-named defendant, Carl Michael Taylor, by and through his counsel, James Q. Butler, Esq., hereby files this motion and respectfully requests that this honorable court vacate the plea in this matter.

A memorandum of points and authorities is attached in support of this motion.

June 7, 2007

Respectfully submitted;


By: /s/ James Q. Butler, Esq.
_____
James Q. Butler, Esq.  #490014
Attorney at Law
Butler Law Firm, PLLP
818 18th Street, 10th Floor
Washington, D.C.  20006
Telephone: (202) 223-6767
Facsimile:  (202) 223-3039

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**
                          Plaintiff;

Vs.                                                                  **CASE NO:  06-171-HHK**

**CARL MICHAEL TAYLOR**
                          Defendant;

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF A MOTION TO VACATE THE PLEA IN THE INSTANT MATTER**
**AND SET THE CASE FOR TRIAL BY JURY**

    **PLEASE TAKE NOTICE** that the defendant, Carl Michael Taylor, by and through his counsel James Q. Butler, Esq., hereby files his **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF A MOTION TO VACATE THE PLEA IN THE INSTANT MATTER AND SET THE CASE FOR TRIAL BY JURY,** and hereby states as follows:

    The instant mater revolves around six allegations.  (1) Conspiracy to Distribute and Possess With Intent to Distribute, (2) Unlawful Maintenance of a Premises to Manufacture, Distribute, Store, and use a Controlled Substance and Aiding and Abetting, (3) Unlawful Employment of a Minor and Aiding and Abetting, (4) Unlawful Possession with Intent to Distribute, (5) Unalwful Possession With Intent to Distribute Within 1000 Feet of a School, and (6) Simple Possession of a Controlled Substance and Aiding and Abetting.

    The defendant's original counsel, Allen Orenberg, advised the defendant to plead guilt to the allegations in total.  This counsel believes, however, that the defendant lacks the ability to understand the nature and extent of the proceedings surrounding his plea arrangement.  We feel that Mr. Taylor did not enter into his plea arrangement knowingly

and voluntarily. Mr. Taylor has not been subject to any recent psychological evaluations. However, counsel believes that based on his recent, privileged communications with Mr. Taylor, that he is unable to comprehend the circumstances surrounding his plea. Counsel feels that a **Competency Evaluation** is necessary to determine his (Mr. Taylor) level of understanding. Based on counsel's conversations with the government, we feel that A.U.S.A. Martin Dee Carpenter will join this, and has no opposition to the **Competency Evaluation** being performed.

Based upon counsel's interaction with Mr. Taylor, and his previous neuropsychological evaluation (See Exhibit 1, attached), it appears Mr. Taylor lacked the mental competency to enter into a plea agreement knowingly and voluntarily.

In 1988, Mr. Taylor was shot by a U.S. Capitol Police officer. As part of his medical care he was subject to a neuropsychological evaluation that appears to demonstrate his inability to understand virtually all aspects of language, including verbal and written expression. The evaluation also casts doubt on his ability to enter into a plea agreement knowingly and voluntarily.[1] The report shows that Mr. Taylor exhibited severe language difficulties, particularly in comprehending complex questions and sentences. He also tested as having a Verbal IQ of 68, or "Mentally Deficient," meaning he possessed extremely low verbal comprehension and verbal learning/memory skills. Further testing revealed him as being in the bottom 2nd percentile concerning word knowledge, and in the bottom 4th percentile when it came to understanding antonyms and synonyms. The test shows he possessed extreme difficulty with concept formation, and tested in the bottom .4 percentile of abstract reasoning. His psychologist, William

---

[1] McCarthy v. United States, 394 U.S. 459, 466, n.27 (1969) (stating that if a plea is not "equally voluntary and knowing, it has been obtained in violation of due process and is therefore void, and that unless the defendant possesses an understanding of the law in relation to the facts it cannot be truly voluntary.)

Stixrud, found Mr. Taylor suffered from severe language-related learning disabilities, as well as disabilities in the areas of attention, conceptual ability, abstract thinking, and logical reasoning.

Based on the foregoing, and supporting law, counsel respectfully requests that Mr. Taylor's original plea of guilty be withdrawn.

## WITHDRAWAL OF GUILTY PLEA

Pursuant to Fed. R. Crim. P. 32(d) any attempt by a defendant to withdraw a plea of guilty or nolo contendre before sentencing is permissible if the defendant can show a "fair and just" reason for withdrawal. Federal courts for the District of Columbia have stated that while the legal standard for pre-sentencing withdrawals is liberal, withdrawal is not granted as a matter of law. The trial court has ultimate discretion concerning whether to grant the withdrawal. United States v. Loughery, 908 F.2d 1014, 1017 (D.C.Cir.1990). The Court of Appeals for the District of Columbia Circuit has consistently laid out three factors to consider in determining whether the "fair and just" requirement for plea withdrawal has been met:

1. A defendant must make out a legally cognizable defense to the claim against him.

2. More importantly, the defendant must present evidence showing that there was some error in taking his plea, that it was involuntary, or that he lacked the competency to try his case rather than plead out.

3. If the previous two factors are met, the court may inquire about the timeliness of the defendant's withdrawal motion, and whether granting it will substantially prejudice the government's case.

United States v. Barker, 514 F.2d 208, 2111 (D.C. Cir. 1975); United States v. Cray, 47 F.3d 1203, 1207 (D.C. Cir. 1995); Untied States v. Ahn, 231 F.3d 31 (D.C. Cir. 2000).

Convicting someone who is mentally incompetent violates their constitutional right to due process of law. Drope v. Missouri, 420 U.S. 162, 172, n.21 (1975). A mentally incompetent defendant who admits to a crime waives many of the protections guaranteed to him by the Fifth Amendment. He waives his privilege against self-incrimination, the right to a jury trial, and the right to face his accuser. A defendant in such a scenario has convicted himself, and his only option for leniency in such a situation is the mercy of the sentencing judge. Further elucidating this concern, and the second factor of the Court of Appeals' test, an appellant who can demonstrate he was unable to appreciate his criminal responsibility, stand trial, or understand the direct consequences of his plea is entitled, at a minimum, to a hearing to examine and assess the extent of their disabilities. Brady v. U.S., 397 U.S. 742, 744, 756 (1970); United States v. Masthers, 539 F.2d 721, 729 (D.C. Cir. 1976). Without some protection to ensure that admissions of guilt are voluntary or made competently, the Fifth Amendment rights of the accused are trampled.

**WHEREFORE ALL PREMISES CONSIDERED,** the defendant prays this Honorable Court for an **ORDER** vacating the plea and setting the matter for trial by jury.

June 7, 2007

By: /s/ James Q. Butler, Esq.

_____

James Q. Butler, Esq. #490014
Attorney at Law
Butler Law Firm
818 18th Street, 10th Floor
Washington, D.C. 20006
Telephone: (202) 223-6767
Facsimile: (202) 223-3039

# CERTIFICATE OF SERVICE

I, James Q. Butler, hereby certify that on the 7th day of June, 2007, I caused to be sent via electronic mail to the Clerk of the Court's electronic reserves and served one true and correct copy of the foregoing **MOTION TO WITHDRAW GUILTY PLEA,** by U.S. mail, postage pre-paid to:

Clerk of the Court
United States District Court
333 Constitution Ave., NW
Washington, DC 20001

Martin Dee Carpenter
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Suite 4814
Washington, DC 20530
(202) 514-7063
Fax: (202) 514-8707
Email: martin.carpenter2@usdoj.gov

Paul D. Hunt
4614 Wissahican Avenue
Rockville, MD 20853
(202) 463-1965
Email: mixey15@netzero.net


By: /s/ James Q. Butler
       _____
              James Q. Butler