UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CARL MICHAEL TAYLOR,<br><br>Defendant. | Criminal 06-0171 (HHK) |

**MEMORANDUM**

On January 11, 2007, the defendant, Carl Michael Taylor, entered a plea of guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846, in accordance with a written plea agreement. Defendant Taylor has not been sentenced. On June 7, 2007, he filed a motion to withdraw his guilty plea asserting that "he is unable to comprehend the circumstances surrounding his plea." Def.'s Mem. 2. Pursuant to defendant Taylor's unopposed request, this court ordered that he be examined in accordance with 18 U.S.C. § 4241(b). The order, in pertinent part, states, "[d]efendant Taylor shall be transported forthwith . . . for a psychiatric and psychological examination pursuant to 18 U.S.C. §4247(b) . . . to determine (1) defendant Taylor's present competency and (2) whether he was competent to enter into the agreement in this case." Court's Order of July 26, 2007. The court also ordered the preparation of a report and its submission to the court upon completion of the examination.

Pursuant to the court's order, defendant Taylor was examined at the Metropolitan Correctional Center and a report of the examination was submitted to the court. The report was not entirely responsive to the court's order as it did not address defendant's competency with respect to the pertinent stages of this prosecution. The Report states, "[i]n the opinion of this

evaluator, Mr. Taylor is currently Not Competent to Stand Trial." Report at 12. It also did not address whether defendant Taylor was competent when he entered his guilty plea.

The court appreciates that the report's deficiency may be due to the lack of clarity of the court's order. Also, it may be that the court is seeking a determination that mental status evaluators cannot make insofar as the court seeks a determination regarding defendant Taylor's competency at a time in the past.

In an effort to set forth clearly what is at stake the court states the following. The issue now is not whether defendant is competent to stand trial. Defendant has plead guilty, is pending sentencing, and has filed a motion to withdraw his guilty plea. No trial is scheduled. Rather, the question presented is whether defendant is competent to participate in the present stage of this prosecution, i.e., sentencing and proceedings on his motion to withdraw his guilty plea. The court also seeks a determination by evaluators whether defendant was competent when he entered his plea of guilty on January 11, 2007.

Mr. Taylor shall be examined further and a report shall be prepared and submitted to the court which shall address the aforementioned questions. An appropriate order accompanies this memorandum.

                                                      Henry H. Kennedy, Jr.
                                                      United States District Judge

Dated November 2, 2007